Let the injunction issue.

---

## THE SCHMIDT.

### THE SCHMIDT *v.* BRIGHT and others.

(*District Court, E. D. Pennsylvania.* May 25, 1886.)

DEMURRAGE—DELAY IN LOADING—CUSTOM.
   When A. agrees to have a vessel loaded for B. at the wharf of a railroad company, where it is customary to load vessels in turn, and this was done, causing some delay, however, A. is not answerable for demurrage, he having no personal control over the loading.

In Admiralty.
*Charles Gibbons,* for libelant.
*Theo. M. Etting,* for respondent.

BUTLER, J. Did respondent agree to load the schooner by the time specified in the libel? The burden of proof is on the libelant.

It is clear the libelant knew, from the start, that the coal was to be loaded by the Reading Company at its wharves; that the respondent had no control over the subject; that all vessels are loaded at these wharves in turn, according to the time of arrival. The custom of business there is well understood, and care is taken to keep it before shippers and the trade by the publication of circulars. No doubt the libelant desired and expected to be loaded by Saturday evening, following his engagement. I am not satisfied, however, that the respondent undertook and bound himself that the libelant should be. He knew as well as the latter that he could exercise no control over the subject; and that no one could tell with certainty whether the vessel could be loaded within this time or not; that the probability or improbability was a matter of calculation, which the libelant could make as well as himself. Why should he, under such circumstances, undertake to bind himself? In the midst of the conversation and bargaining, he went to the Reading office, avowedly to ascertain the probabilities, from what those in charge would say, and on his return reported, before the contract was completed. The inferences from surrounding circumstances sustain the respondent's allegation that he did not undertake to load the schooner on Saturday, but turned the libelant over to the Reading Company for his load, according to the well-known custom at its wharves; that the libelant understood this at the time, as well as the respondent, and entered into the contract accordingly. The libelant was anxious for employment,—more so than the respondent was for his services, I think,—and was willing to assume the risk of delay, which at the time seemed very slight.